

IN THE
TENTH COURT OF APPEALS

No. 10-11-00306-CV

ST. JOSEPH REGIONAL HEALTH CENTER,

Appellant

 v.

MIKE HOPKINS AND DAVID HOPKINS AS
HEIRS OF ELIZABETH DEAVERS,

Appellees

From the 85th District Court
Brazos County, Texas
Trial Court No. 10-000742-CV-85

# OPINION

Elizabeth Deavers, now deceased, sued St. Joseph Regional Health Center for negligence and requested damages that included the cost of future custodial care. On February 14, 2011, the jury returned a verdict for Deavers that included $411,936 in future custodial care expenses. On March 4, 2011, before a judgment was rendered on the jury's verdict, Deavers died. The trial court substituted Deavers' heirs, Mike Hopkins and David Hopkins, as plaintiffs in the proceeding and rendered judgment on the jury's verdict. St. Joseph appeals; and we affirm.

When a party to a jury trial dies between verdict and judgment, judgment shall be rendered and entered as if all parties were living. TEX. R. CIV. P. 156. This has been the law in Texas since 1846. Act of May 13, 1846, 1st Leg. § 37, 1846 Laws of Texas 1678. After the verdict but before Deavers' death, St. Joseph requested that the trial court order future custodial care expenses awarded by the jury be paid in periodic payments. TEX. CIV. PRAC. & REM. CODE ANN. § 74.503(a) (West 2011). Subchapter K of the Texas Medical Liability Act creates this option, applicable only if requested, concerning the payment of future damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.501-74.507 (West 2011). If and when requested, the trial court "shall" order periodic payments, rather than a lump sum, for future damages, such as custodial care services, awarded in a health care liability claim. *Id.* § 74.503(a). Periodic payments for custodial care services, however, terminate on the plaintiff's death. *Id.* § 74.506(b). Further, future damages, if any, that are not set up as periodic payments remain as traditional lump sum amounts in the judgment. *See id.* § 74.503(a). After Deavers' death, St. Joseph withdrew its request for periodic payments under the Texas Medical Liability Act.

In one issue, St. Joseph contends the trial court erred in awarding judgment on the verdict for future custodial care expenses that, it alleges, will never be incurred. With this issue, St. Joseph seeks to dissolve 166 years of Texas law. Although St. Joseph initially requested periodic payments of the future custodial care expenses awarded by the jury, which would have then terminated upon Deavers' death, St. Joseph withdrew its request for periodic payments. Because St. Joseph withdrew its request for periodic payments, subchapter K of the Medical Liability Act no longer applies, and payment of

future custodial care is not terminated. What remains is 166 years of law currently embodied in Rule 156 which requires a judgment to be rendered as if all parties were living. Because the trial court followed Rule 156, it did not err in rendering judgment on the jury's verdict. Accordingly, St. Joseph's sole issue is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 6, 2012
[CV06]